UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

October 3, 2024

## LETTER MEMORANDUM AND ORDER

Re:   *Shree Kotyark, Inc. v. Optum Rx, Inc., et. al.*,
      Civil Action No. 24-9182 (ES) (CLW)

Dear Counsel:

Presently before the Court is plaintiff Shree Kotyark Inc. and Pavonia Pharmacy's ("Plaintiff" or the "Pharmacy")[1] motion for an order to show cause that purports to seek "temporary and preliminary restraints." (D.E. No. 5 ("Motion"); *see also* D.E. Nos. 7–12).

Plaintiff is an independent pharmacy with a principal place of business in Jersey City, New Jersey. (D.E. No. 1-2 at 7 ¶ 12).[2] Defendant Optum Rx, Inc. ("Defendant") allegedly is one of three Pharmacy Benefit Management ("PBM") services that controls over 80% of the pharmacy networks in the country. (*Id.* at ¶ 13). Plaintiff maintains that it joined Leader Drug Stores, Inc.— a pharmacy services administrative organization—through which it submits prescription drug claims for beneficiaries of health insurance plans administered by various PBMs, including Defendant's predecessor. (*Id.* at 8 ¶ 15). Based on Defendant's audit of the Pharmacy completed earlier this year, the parties have been disputing a purported inventory shortage at the Pharmacy; as a result, Defendant sent Plaintiff two letters stating that the Pharmacy would be terminated from Defendant's pharmacy network. (*Id.* at 6–10 ¶¶ 16–27; *see also id.* at 7 ¶ 11). Specifically, the first letter indicated that the Pharmacy would be terminated as of July 23, 2024, which was followed by a "dispute resolution hearing" scheduled on August 22, 2024, at Plaintiff's request. (*Id.* at 9 ¶ 26). The second letter dated August 27, 2024, stated that Plaintiff would be terminated as of September 13, 2024. (*Id.* at 9–10 ¶ 27).

Notwithstanding the more than two-weeks' notice provided to Plaintiff, it initiated an action on September 12, 2024, in the Superior Court of New Jersey, Chancery Division, Hudson County—merely one day before termination was set to take effect—seeking an "order to show cause with restraints." (D.E. No. 1-2 at 3). Defendant removed the matter to this Court on September 16, 2024, based on diversity jurisdiction. (D.E. No. 1 at ¶ 7). On the same day, the Court issued a Text Order directing Plaintiff, to the extent it still sought injunctive relief, to refile

---

[1]   Although the docket reflects two named plaintiffs, the Civil Cover Sheet and the parties' submissions refer to one named plaintiff, specifically Shree Kotyark, Inc. d/b/a Pavonia Pharmacy. (D.E. No. 1-1 at 1).

[2]   Pin citations to Docket Entry Number 1-2 refer to page numbers automatically generated by the Court's CM/ECF case management system.

its motion "in accordance with the applicable federal and local rules." (D.E. No. 4). On September 17, 2024, Plaintiff filed the instant Motion. (D.E. No. 5). Thereafter, the Court set a briefing schedule directing Defendant to file an opposition, if any, by September 20, 2024, addressing both the merits of Plaintiff's Motion and its argument that the matter be remanded to state court for lack of subject matter jurisdiction. (D.E. No. 6). The Court ordered Plaintiff to reply by September 23, 2024. (*Id.*). In addition, the Court set a hearing on Plaintiff's Motion for October 3, 2024. (D.E. Nos. 6 & 15).

On September 20, 2024, Defendant opposed Plaintiff's Motion (D.E. Nos. 7–11), and on September 23, 2024, Plaintiff replied. (D.E. No. 12). Notably, neither party indicated whether Plaintiff was in fact terminated from Defendant's pharmacy network as of September 13, 2024. (D.E. Nos. 11–12). Moreover, Plaintiff's reply focused solely on the issue of remand. (D.E. No. 12). Despite removal based on diversity jurisdiction, no party addressed the fact that Plaintiff's Complaint contains causes of action that purportedly arise under federal law, which would provide a separate and independent basis for this Court's jurisdiction pursuant to 28 U.S.C. § 1331. (*Compare* D.E. No. 1-2 at 3–17, *with* D.E. Nos. 11–12). Accordingly, on September 30, 2024, the Court issued a Letter Order seeking clarification on these points, in addition to Plaintiff's response to Defendant's argument regarding arbitration. (D.E. No. 16).

In a joint submission filed on October 2, 2024, Defendant maintains that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 on the face of the Complaint notwithstanding the merits of Plaintiff's federal claims. (D.E. No. 19 at 1).[3] Defendant indicated that it would revise its notice of removal to reflect federal question jurisdiction. (*Id.*). Moreover, Defendant confirmed that "it has stayed Plaintiff's termination due to these proceedings and will not terminate Plaintiff prior to a ruling by this Court on Plaintiff's Motion for Preliminary Injunction." (*Id.* at 2). Following receipt of the parties' joint letter, the Court canceled the hearing on Plaintiff's Motion. (D.E. No. 23).

As a preliminary matter, it is unclear whether Plaintiff seeks a temporary restraining order *in addition to* a preliminary injunction. (*See* D.E. No. 5-1 (seeking "temporary and preliminary restraints" as "both appropriate and necessary")). Moreover, Plaintiff did not submit a proposed form order in accordance with the applicable local rules (L. Civ. R. 7.1(e)), further blurring the exact relief Plaintiff seeks by way of its Motion.

The Court views the Motion as requesting a preliminary injunction only. As the Third Circuit has noted, "[a]t times, it is difficult to distinguish which form of relief has been invoked." *Snee v. Barone*, 359 F. App'x 281, 283 n.4 (3d. Cir. 2009). But where, as here, the movant appears to request both forms of relief but filed the motion with notice to the opposing party, courts have treated the motion as requesting a preliminary injunction. *See, e.g.*, *id.*; Fed. R. Civ. P. 65(a) (stating that district courts "may issue a preliminary injunction only on notice to the adverse party"). Courts do so because "temporary restraining orders are of extremely short duration and typically issue without notice to the opposing party." *Snee*, 359 F. App'x at 283 n.4 (citing Fed. R. Civ. P. 65(b)). While a hearing is not a prerequisite for ruling on a preliminary injunction,

---

[3] Although this position is located under a heading entitled "Defendant OptumRx's Responses" the Court directed the parties to file a joint submission. (D.E. No. 16 at 1). Indeed, the first sentence of Docket Entry Number 19 states that "the parties submit this joint letter with responses to the questions [the Court] has asked." (D.E. No. 19 at 1). Thus, because there is no indication that Plaintiff contests Defendant's position regarding federal question jurisdiction, it construes Plaintiff's prior requests for remand as withdrawn. (*See* D.E. No. 5-1 at 9–10; *see also* D.E. No. 12).

*Bradley v. Pittsburgh Bd. of Educ.*, 910 F.3d 1172, 1175 (3d Cir. 1990), Rule 65's notice requirement "implies an opportunity to be heard." *Sims v. Greene*, 161 F.2d 87, 88 (3d Cir. 1947). In addition, temporary restraining orders "are ordinarily aimed at temporarily preserving the status quo" and "preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d. Cir. 2020) (quoting *Granny Goose Foods Inc. v. Bhd. of Teamsters*, 415 U.S. 424, 439 (1974)).

Here, Defendant confirmed that it has preserved the status quo with respect to Plaintiff's termination pending a decision from the Court. (D.E. No. 19 at 2). In addition, although the Court instructed Plaintiff to file a brief that comported with the applicable federal and local rules, Plaintiff's submission largely rehashes the brief it filed in state court. (*See* D.E. No. 5-1). Indeed, Plaintiff failed to address which count or counts form the basis of its request for injunctive relief; nor did it assess the elements of any counts under the applicable standard for injunctive relief, which requires an assessment of the likelihood of success on the merits. (*See generally id.*; *see also Ace Am. Ins. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 730–31 (3d Cir. 2009) (reciting the standard a movant must meet for injunctive relief as "(1) a substantial likelihood of success on the merits; (2) that [the movant] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief" (citing *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004))). And while "[a] party must produce sufficient evidence of all four factors before granting injunctive relief," *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994), Plaintiff wholly fails to address factors three and four in its moving brief. As such, the Court finds that the proper vehicle for the relief Plaintiff seeks is a motion for a preliminary injunction.

Accordingly, IT IS on this 3rd day of October 2024,

**ORDERED** that the Court will treat Plaintiff's Motion as one for a preliminary injunction; and it is further

**ORDERED** that Plaintiff shall file a revised Motion under all applicable federal and local rules that addresses each count for which it seeks injunctive relief; and it is further

**ORDERED** that Plaintiff's brief shall address all elements of the standard for preliminary injunctive relief as stated above; and it is further

**ORDERED** that the parties shall submit a proposed joint briefing schedule for Plaintiff's revised Motion by Monday, October 7, 2024.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
